UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE WOODS

14 CV 6296

U.S. BANK NATIONAL ASSOCIATION, : Civil Action No.: ____-CV-____
as successor Trustee under an Indenture,
dated as of June 6, 2007,
: Removed from the Supreme Court of the State
: of New York, New York County
Plaintiff,
: Index No.: 650926/2014
v.

BANK OF AMERICA, N.A.,

Defendant.

RECEIVED
AUG 08 2014
U.S.D.C. S.D.N.Y.
CASHIERS

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Bank of America, N.A. ("BANA"), by and through its undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of New York (the "State Court"), to the United States District Court for the Southern District of New York under 28 U.S.C. §§ 1441 and 1446. The ground for removal is as follows:

## BACKGROUND TO THE NOTICE OF REMOVAL

1. This action was commenced on or about March 24, 2014, by the filing in the State Court of a Summons with Notice (the "Summons") under the caption *U.S. Bank National Association v. Bank of America, N.A.*, Index No. 650926/2014. In accordance with 28 U.S.C. § 1446(a), a copy of the Summons is attached as Exhibit A.

2. According to the Summons, Plaintiff intends to assert that BANA has breached a June 6, 2007 Master Disbursement Agreement by disbursing $271,345,252.23 of the proceeds of

the Fontainebleau 10 ¼ % Second Mortgage Notes Due 2015 despite the fact that various conditions precedent to disbursement allegedly had not been satisfied.

3.     According to the Summons, Plaintiff will seek to recover damages for breach of contract and such other further relief as the Court may deem just and proper.

4.     BANA was served with process in this action on July 21, 2014 by Plaintiff's delivery of the Summons to BANA's undersigned counsel pursuant to an agreement between the parties. A copy of the affidavit of service is attached as Exhibit B.

5.     On August 8, 2014, BANA filed a Notice of Appearance and Demand for Complaint in the State Court, a copy of which is attached as Exhibit C.

## THIS NOTICE OF REMOVAL IS TIMELY

6.     Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

7.     BANA was served with process in this action on July 21, 2014; accordingly, this Notice of Removal is timely.

## AMOUNT IN CONTROVERSY

8.     According to the Summons, the amount in controversy is $271,345,252.23.

## REMOVAL IS PROPER BECAUSE DIVERSITY JURISDICTION EXISTS

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

10. Cases involving diversity of citizenship may be removed under 28 U.S.C. § 1441, which states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. §§ 1441(a) & (b)(1).

11. BANA is a North Carolina citizen under the rules for determining the citizenship of national banking associations because its main office, as set forth in its articles of association, is located in North Carolina. *See* 28 U.S.C. § 1348; *see also Hill v. Bank of Am. Corp.*, No. 1:06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("[Bank of America, N.A.] is a national banking association located in the State of North Carolina, as designated in its articles of association.").

12. Upon information and belief, Plaintiff is not a North Carolina citizen but, rather, an Ohio citizen under the rules for determining the citizenship of national banking associations because its main office, as set forth in its articles of association, is located in Ohio.[1] *See U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F.Supp.2d 602, 605 (S.D.N.Y. 2012) ("U.S. Bank asserts, and the defendants do not contest, that it is a national banking association with its main office in the state of Ohio. U.S. Bank is therefore a citizen of Ohio.") (internal citations omitted); *see also Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 (8th Cir. 2013) ("We take judicial notice, based on records of the Office of the Comptroller of the Currency, that U.S. Bank's main

---

[1] Plaintiff's articles of association are included in Exhibit 25.1 to American Realty Capital Properties, Inc.'s Form POSASR, filed with the SEC on July 23, 2013.

3

office is in Ohio."); *U.S. Bank Nat'l Ass'n v. Polyphase Elec. Co.*, No. 10-4881 (DWF/LIB), 2011 WL 3625102, at *3 (D. Minn. Aug. 17, 2011) ("U.S. Bank's Amended and Restated Articles of Association designate Ohio as the bank's main office . . . .").

13. Accordingly, there is complete diversity of citizenship between Plaintiff, an Ohio citizen, and BANA, a North Carolina citizen.

## **REMOVAL PREREQUISITES HAVE BEEN MET**

14. This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332(a) and one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

15. This Notice of Removal has been timely made pursuant to 28 U.S.C. § 1446(b).

16. The Southern District of New York is the district in which the Supreme Court of New York, County of New York, is located and in which plaintiff filed the Summons.

17. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, BANA will give written notice to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the State Court.

18. BANA has sought no similar relief with respect to this matter.

19. By filing this Notice of Removal, BANA does not waive any defenses that may be available to it (including without limitation any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the Summons state a valid claim under any applicable law.

20. BANA reserves the right to amend or supplement this Notice of Removal in the event that additional grounds for removal become apparent when a complaint is served.

WHEREFORE, notice is given that this action is removed from the Supreme Court of New York, County of New York, to this Court.

Dated: August 8, 2014
      New York, New York

Respectfully submitted,

O'MELVENY & MYERS LLP

By: _____
      Daniel L. Cantor
7 Times Square
New York, New York  10036
Telephone: (212) 326-2483
Facsimile:  (212) 326-2061
E-mail:    dcantor@omm.com

*Attorneys for Defendant Bank of America, N.A.*